**de Haan Law Firm, PLLC**
100 N Stone Ave.
Suite 512
Tucson, Arizona 85701
Telephone: (520) 358-4089
Facsimile: (520) 628-4275

Stuart P. de Haan, State Bar No. 26664
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| The Satanic Temple and Michelle Shortt<br><br>Plaintiffs,<br><br>vs.<br><br>City of Scottsdale, Arizona, by its City Council, consisting of the Mayor and council members, WJ Jim Layne, Suzanne Klapp, Virginia Korte, Kathy Littlefield, Guy Phillips, David Smith<br><br>Defendants, | Case No._____<br><br>Complaint<br>(Injunctive Relief Sought) |

## **COMPLAINT**

Seeking to protect their individual civil liberties and constitutional rights, the plaintiffs identified above (collectively, the "Plaintiffs"), as their complaint against the City of Scottsdale, Arizona (the "City"), by its City Council (the "Council") (consisting of its Mayor, W.J. "Jim" Lane, and council members Suzanne Klapp, Virginia Korte, Kathy Littlefield, Guy Phillips, and David Smith), each herein referred to collectively as the "Defendants", allege as follows:

**NATURE OF THE CLAIMS**

1. This action arises out of the City's practice of regularly opening public Council meetings with official invocations that are open to any religious denomination that requests it.

2. The Satanic Temple and its agent Michelle Shortt were denied an opportunity to give an invocation after prior approval.

3. In their stead, another invocation was given on the day they were scheduled.

4. The Plaintiffs seek injunctive and declaratory relief and damages under 42 U.S.C. § 1983 against Defendants to redress these Establishment Clause violations, together with recovery of attorney's fees and costs under 42 U.S.C. 1988(b).

**JURISDICTION AND VENUE**

5. This case arises under the First Amendment to the Constitution of the United States and presents a federal question within this court's jurisdiction pursuant to 28 U.S.C. 1331 and 1343(a)(3). The court has authority to issue a declaratory judgment under 28 U.S.C. 2201 and to provide injunctive relief and award damages under 28 U.S.C. 1343 and Fed. R. Civ. P. 65.

6. Venue is proper within this judicial district pursuant to 28 U.S.C. 1391(b)(2) because events giving rise to the Plaintiff's claims occurred in Maricopa County, Arizona.

**PARTIES**

7. Plaintiff Michelle Shortt has been a resident of the State of Arizona since 1998. She has an Associate's of Applied Science degree in mortuary science and is self-

employed as a professional model. She has been a self-identified Satanist since age 14 and a member of The Satanic Temple since its inception.

8. Plaintiff The Satanic Temple has chapters throughout the United States and Europe with over 50,000 members.

9. The mission of The Satanic Temple is as follows: "to encourage benevolence and empathy among all people. In addition, we embrace practical common sense and justice. As an organized religion, we feel it is our function to actively provide outreach, to lead by example, and to participate in public affairs wheresoever the issues might benefit from rational, Satanic insights. As Satanists, we all should be guided by our consciences to undertake noble pursuits guided by our individual wills. We believe that this is the hope of all mankind and the highest aspiration of humanity."

10. The Plaintiffs consider the sectarian invocations divisive and exclusionary, leaving them to conclude they are unwelcome at City Council meetings and political outsiders in their own State.

11. Plaintiff Michelle Shortt objects to the exclusionary sectarian invocation on religious grounds. As a practicing Satanist, she believes the sectarian invocations violate her First Amendment rights to religious liberty by advancing particular religions while excluding her own.

12. Defendant The City of Scottsdale is a political subdivision of the State of Arizona. The City Council is a legislative body and is composed of the elected Council members.

13. Each of the City Council members acted under the color of law and are sued in his or her official capacity.

## **FACTS**

14. The facts alleged as to the parties stated above are incorporated herein by reference.
15. The City Council meets in open session on average more than once a month. Its meetings are open to the public and are a primary means for State citizens to observe and participate in the business of local government.
16. Council meetings are broadcast on local television and video recordings are posted on the Council's website.
17. It is the Council's practice to open every public general session Council meeting by leading the audience with an official prayer, delivered by a member of a church. These invocations occur on a rotating basis.
18. The prayers delivered by the public are frequently Christian in nature, making express sectarian references, such as to Jesus Christ.
19. A review of the invocations during 2008 through 2016 reveal that every invocation given was of the Judeo-Christian faith.
20. During this eight-year period, none of the official invocations delivered by the public mentioned non-Christian deities or used non-Christian language.
21. On February 8, 2016, a member of The Satanic Temple requested that representative Plaintiff Shortt give the invocation.
22. This request was made by a phone call to the Management Assistant to Mayor & City Council, pursuant to the standard policies.

23. On February 11, 2016, Defendant Kathy Littlefield sent responses to constituents stating that while she likes having the prayers, she does "NOT want the Satanists" and considers allowing them to speak "taking equality too far." A true and accurate copy of this correspondence is attached herein as (Exhibit 1)

24. The Management Assistant scheduled Plaintiff Shortt to give the invocation for April 5, 2016.

25. There was no application process or inquiries as to location or community ties for invocations.

26. On February 23, 2016, a follow up email was sent to the Management Assistant requesting a date change due to logistical reasons. (Exhibit 2).

27. The next day, on February 24, 2016, the Management Assistant responded to the request and offered Plaintiff Shortt a date to speak on either July 5 or 6, 2016. (Exhibit 3).

28. Plaintiff Shortt was rescheduled to give the invocation on behalf of The Satanic Temple on July 6, 2016.

29. Immediately after the rescheduling on March 14th, 2016, the Management Assistant to the Mayor and City Council sent a message to the Council stating that, "After they scheduled, we reached out to everyone on our list of faith leaders to try to book as many dates as possible. Unfortunately, we weren't able to secure someone else to commit to the invocation on July 6th." (Exhibit 4)

30. On March 16, 2016, Defendant Suzanne Klapp made a public statement announcing that she intended on leaving the meeting if The Satanic Temple were to give an invocation and that there is "no current rule to the invocation." Klapp further stated that, "it's time to make it clear that a rule must be established about who can come and what kind of message is expected." (Exhibit 5)

31. On March 22, 2016, Defendant David Smith stated to constituents that he acknowledged Satanism was protected by the First Amendment but that this is "absurd" and that his intent is that his deliberations on the council be "guided by God alone." (Exhibit 6)

32. On May 23, 2016, an email was sent to The Satanic Temple that read, "The City Manager has asked me to inform you that he has decided that the City is not going to deviate from its long standing practice of having the invocation given only by representatives from institutions that have a substantial connection to the Scottsdale community. Therefore we are making other arrangements for the invocation to be given on July 6th." (Exhibit 7)

33. Plaintiff Shorrt was replaced by Student Pastor Joshua Newton, First Southern Baptist Church of Scottsdale as the deliverer of the invocation.

34. The Satanic Temple invocation to be given by Plaintiff Shortt did not occur.

35. The Mayor of Scottsdale, Defendant Jim Lane, then used this incident as a mayoral "accomplishment" in his reelection website. (Exhibit 8)

36. Stating that The Satanic Temple "demanded" to give an invocation in Scottsdale, Defendant Jim Lane boasted that "In Scottsdale we've decided to keep our traditional invocations and we've decided to send this Satanist sideshow elsewhere." (Exhibit 9 with transcription of text)

37. Defendant Mayor Lane unilaterally imposed the rule that, "only institutions with a substantial connection to the Scottsdale community will be allowed to give invocations."

38. At no time in the application process were groups asked what substantial community ties existed.

39. Mayor Lane stated that "these invocations celebrate our diversity, as we have heard respectful and thoughtful messages from Christians, Jews, Muslims, Buddhists, Hindus and countless other faiths."
40. At no time have members of the Muslim, Buddhist, or Hindu faith given an invocation before the Scottsdale City Council.
41. In an election pamphlet, Mayor Lane listed that he "stopped so-called 'Satanists' from mocking City Hall traditions with a 'prayer'."

## CAUSES OF ACTION

### Count 1 – Establishment Clause Violation

42. All preceding allegations are incorporated herein by reference.
43. The Defendants' established practice of permitting regular official sectarian invocations to open City Council meetings while denying The Satanic Temple the same right is in violation of the Establishment Clause of the First Amendment to the United States Constitution.

### Count 2 – Equal Protection Violation

44. Defendants' preference of certain religious denominations and discrimination against the Satanic Temple is in violation of the Equal Protection Clause of the United States Constitution.

### Count 3 – Arizona Religious Tolerance Violation

45. Defendants' denial of Plaintiff's request violated Toleration of Religious Sentiment Clause of the Arizona Constitution. Ariz. Const. art. XX §1

### Count 4 – 42 U.S.C. § 1983

46. The Defendants acted under color of statute law in violating the First Amendment as described herein in violation of 42 U.S.C. § 1983.

### RELIEF SOUGHT

The Plaintiffs demand that this court grant the following relief

1. A declaratory judgment that the Defendants' (i) categorical exclusion of minority religions from the invocation prayer practice and (ii) specific denial of The Satanic Temple's invocation violates the Establishment Clause of the First Amendment of the United States Constitution.
2. An injunction enjoining the Defendants, their successors, and any person in active concert with the Defendants from knowingly, intentionally, or negligently denying non-Christian religious groups the opportunity to give opening invocation.
3. In the alternative, an injunction enjoining the Defendants, their successors, and any person in active concert with the Defendants prohibiting invocations before Scottsdale City Council meetings.
4. A judgement in the Plaintiffs' favor for nominal damages;

5. An award to the Plaintiffs of their reasonable costs, disbursements, and attorneys' fees as allowed by law from Defendants pursuant to 42 U.S.C. § 1988; and

6. An award of such other and further relief as the court shall deem just.

RESPECTFULLY SUBMITTED this 23rd day of February, 2018

s/ Stuart P. de Haan
Stuart P. de Haan
Attorney for Plaintiffs

**Attorney for the Plaintiffs:**

Stuart de Haan
The Satanic Temple
100 N Stone Ave.
Suite 512
Tucson, Arizona 85701
Telephone: (520) 358-4089
Facsimile: (520) 628-4275

## **CERTIFICATE OF SERVICE**

I certify that on the 23rd day of February, 2018 I electronically transmitted this document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the appropriate CM/ECF registrants.

Stuart de Haan<br>
Attorney for Plaintiff