**SCOTTSDALE CITY ATTORNEY'S OFFICE**
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
Telephone (480) 312-2405
Joshua M. Crum (SBN 027302)
legal@scottsdaleaz.gov
**Attorneys for Defendants**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| The Satanic Temple and Michelle Shortt, | Case No. 18-cv-00621-DGC |
| Plaintiffs, | |
| vs. | **DEFENDANTS' ANSWER TO COMPLAINT** |
| City of Scottsdale, Arizona, by its City Council, consisting of the Mayor and council members, WJ Jim Layne, Suzanne Klapp, Virginia Korte, Kathy Littlefield, Guy Phillips, David Smith, | |
| Defendants. | |

Defendants City of Scottsdale, W.J. "Jim" Lane (erroneously sued as WJ Jim Layne), Suzanne Klapp, Virginia Korte, Kathy Littlefield, Guy Phillips and David Smith submit their Answer to Plaintiffs' Complaint. Defendants deny each allegation contained in Plaintiffs' Complaint and each claim for relief that is not expressly admitted or otherwise pled to. Defendants admit, deny, and affirmatively allege as follows:

1.   The Defendants deny the allegations of Paragraph 1 of Plaintiffs' Complaint.

2.   The Defendants deny the allegations of Paragraph 2 of Plaintiffs' Complaint.

3. The allegations in Paragraph 3 are vague and ambiguous as written, and on that basis the Defendants deny them.

4. To the extent Paragraph 4 consists of legal conclusions regarding the basis of Plaintiffs' Complaint, no response is required. To the extent a response is required, the City denies all allegations in Paragraph 4.

5. Regarding Paragraph 5, Defendants admit that subject-matter jurisdiction is proper in this Court.

6. Regarding Paragraph 6, Defendants admit that venue is proper in this Court.

7. Regarding Paragraph 7, Defendants have insufficient information to form a belief as to the truth or falsity of the allegations and therefore deny the same.

8. Regarding Paragraph 8, Defendants have insufficient information to form a belief as to the truth or falsity of the allegations and therefore deny the same.

9. Regarding Paragraph 9, Defendants have insufficient information to form a belief as to the truth or falsity of the allegations and therefore deny the same.

10. Regarding Paragraph 10, Defendants have insufficient information to form a belief as to the truth or falsity of the allegations and therefore deny the same.

11. Regarding Paragraph 11, Defendants have insufficient information to form a belief as to the truth or falsity of the allegations and therefore deny the same.

12. Regarding Paragraph 12, the Defendants admit that the City of Scottsdale is a municipal corporation duly organized under the laws of the State of Arizona, and that legislative power is vested in the City Council, which is comprised of the elected Council members.

13.     To the extent Paragraph 13 consists of legal conclusions regarding the basis of Plaintiffs' Complaint, no response is required. To the extent a response is required, Defendants have insufficient information to form a belief as to the truth or falsity of the allegations and therefore denies the same.

14.     Regarding Paragraph 14, no response is required.

15.     Regarding Paragraph 15, Defendants admit that the City Council meets regularly throughout the year, except during periods of recess, that the meetings are generally open to the public, unless held in executive session, and that the meetings are one of many ways to allow Scottsdale residents to observe and participate in their local government. The Defendants deny all remaining allegations.

16.     The Defendants admit the allegations contained in Paragraph 16.

17.     Regarding Paragraph 17, Defendants admit that it is the Council's practice to generally open its public general session with either an invocation delivered by an individual with a substantial connection to Scottsdale or a moment of silence. The Defendants deny all remaining allegations.

18.     Regarding Paragraph 18, Defendants admit that the invocations delivered by the members of the public often reflect Christian beliefs, including references to Jesus Christ. The Defendants deny all remaining allegations.

19.     The Defendants deny the allegations in Paragraph 19.

20.     The Defendants deny the allegations in Paragraph 20.

21.     Regarding Paragraph 21, the Defendants have insufficient information to form a belief as to the truth or falsity of the allegations and therefore deny the same.

22. Regarding Paragraph 22, the Defendants admit that someone purporting to be member of the Satanic Temple called the Management Assistant to the Mayor and City Council to request that the Satanic Temple be scheduled to give an invocation. The Defendants deny all remaining allegations.

23. Regarding Paragraph 23, Defendants admit that Exhibit 1 purports to be a true and correct copy of correspondence from Kathy Littlefield, which speaks for itself. The Defendants deny all remaining allegations.

24. Regarding Paragraph 24, Defendants admit that the Management Assistant to the Mayor and City Council initially scheduled the Satanic Temple to deliver an invocation on April 5, 2016.

25. The Defendants deny the allegations contained in Paragraph 25.

26. The Defendants admit that on February 23, 2016, Jeremy Zarzycki emailed the Management Assistant confirming that the Satanic Temple could not attend the April 5 Council meeting to give an invocation and asked for the next available invocation date. The Defendants deny all remaining allegations.

27. Regarding Paragraph 27, the Defendants admit that the Management Assistant responded to Mr. Zarzycki's email on February 24 that the next available dates to provide an invocation were July 5 and July 6. The Defendants deny all remaining allegations.

28. Regarding Paragraph 28, the Defendants admit that the Management Assistant scheduled the Satanic Temple to give the invocation on July 6, 2016.

29. Regarding Paragraph 29, to the extent this Paragraph restates the content of Exhibit 4, the document speaks for itself, and no response is required. To the extent a response is required, the Defendants deny all remaining allegations.

30. Regarding Paragraph 30, to the extent this Paragraph restates the content of Exhibit 5, the document speaks for itself, and no response is required. To the extent a response is required, the Defendants deny all remaining allegations.

31. Regarding Paragraph 31, to the extent this Paragraph restates the content of Exhibit 6, the document speaks for itself, and no response is required. To the extent a response is required, the Defendants deny all remaining allegations.

32. Regarding Paragraph 32, to the extent this Paragraph restates the content of Exhibit 7, the document speaks for itself, and no response is required. To the extent a response is required, the Defendants deny all remaining allegations.

33. Regarding Paragraph 33, Defendants admit that Student Pastor Joshua Newton, First Southern Baptist Church of Scottsdale delivered the invocation for the Council's July 6, 2016 meeting.

34. Regarding Paragraph 34, Defendants admit that Plaintiff Shortt did not deliver an invocation before the City Council on July 6, 2016.

35. Regarding Paragraph 35, to the extent this Paragraph restates the content of Exhibit 8, the document speaks for itself, and no response is required. To the extent a response is required, the Defendants deny all remaining allegations.

36. Regarding Paragraph 36, to the extent this Paragraph restates the content of Exhibit 9, the document speaks for itself, and no response is required. To the extent a response is required, the Defendants deny all remaining allegations.

37. Defendants deny the allegations in Paragraph 37.

38. Defendants deny the allegations in Paragraph 38.

39. Defendants admit the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Regarding Paragraph 41, to the extent this Paragraph restates the content of document, the document speaks for itself, and no response is required. To the extent a response is required, the Defendants deny all remaining allegations.

42. Regarding Paragraph 42, which only incorporates by reference Plaintiffs' previous allegations, no response is required.

43. The Defendants deny the allegations in Paragraph 43.

44. The Defendants deny the allegations in Paragraph 44.

45. The Defendants deny the allegations in Paragraph 45.

46. The Defendants deny the allegations in Paragraph 46.

47. The Defendants further deny all allegations not specifically admitted.

## **AFFIRMATIVE DEFENSES**

Defendants allege the following affirmative defenses to the Complaint:

a. Plaintiffs' Complaint has failed to state a claim against the City;

b. Some or all of Plaintiffs' claims may be barred by the doctrines of absolute or qualified immunity;

1    c.     The City hereby asserts the statutory affirmative defenses as set forth in A.R.S. § 12-820.01 et seq., including specifically A.R.S. § 12-820.01 and 12-820.03;

    d.     Plaintiffs' claims are barred by the statute of limitations or other timeliness doctrines, including laches and waiver; and

    e.     Because there may be other affirmative defenses, the bases of which are currently unknown to it, the City hereby incorporates by this reference every other affirmative defense including, but not limited to, those listed in Rule 8(c), Arizona Rules of Civil Procedure.

    WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants request the following:

    A.     That Plaintiffs' Complaint be dismissed with prejudice, and Plaintiffs take nothing thereby;

    B.     That the Defendants be awarded their costs and reasonable attorneys' fees incurred in this action pursuant to A.R.S. §§ 12-349, 12-350, 13-420, and 42 U.S.C. § 1988; and

    **C.**     The Defendants be awarded such other and further relief as this Court deems just and proper.

    DATED this 12th day of June, 2018.

                           **SCOTTSDALE CITY ATTORNEY'S OFFICE**

                           By: /s/ Joshua M. Crum
                               Joshua M. Crum, Assistant City Attorney
                               3939 North Drinkwater Boulevard
                               Scottsdale, Arizona 85251
                               Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2018, I electronically transmitted the attached document to the Clerk's office using CM/ECF System for filing, and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stuart P. de Haan<br>
de Haan Law Firm, PLLC<br>
100 N Stone Ave., Suite 512<br>
Tucson AZ, 85701<br>
Attorneys for Plaintiffs

By: /s/ Brittany Leonard
An Employee of the Scottsdale City Attorney's Office