**SCOTTSDALE CITY ATTORNEY'S OFFICE**
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
Telephone (480) 312-2405
Facsimile (480) 312-2548
Joshua M. Crum (SBN 027302)
legal@scottsdaleaz.gov
**Attorneys for City Defendants**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| The Satanic Temple and Michelle Shortt,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Scottsdale, Arizona, by its City Council, consisting of the Mayor and council members, WJ Jim Layne, Suzanne Klapp, Virginia Korte, Kathy Littlefield, Guy Phillips, David Smith,<br><br>Defendants. | Case No. 18-cv-00621-DGC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

Plaintiffs' response to Defendants' motion to dismiss only makes clear the infirmities in their claims. Plaintiffs concede that their state law claim is untimely, and offer no real argument that their duplicative individual official capacity claims can survive dismissal. And because Plaintiffs' Establishment Clause and Equal Protection Clause claims are unsupported by the facts and fatally flawed, they cannot be salvaged by any amendment. As a result, the Court should dismiss Plaintiffs' complaint in full, with prejudice.

16685283v1

Argument

**I.     Defendants' motion complied with Local Rule 12.1.**

As required by LRCiv 12.1, before filing Defendants' motion to dismiss, Defendants' counsel notified Plaintiffs' counsel by email of the issues Defendants intended to raise in their motion as well as Defendants' belief that those issues were not curable by any amendment. Accordingly, Defendants' motion included (at footnote 1) a certification specifically recounting the requirements under the local rule. Nevertheless, Plaintiffs now argue (at 2) that Defendants failed to comply with LRCiv 12.1 because Plaintiffs were notified only 29 minutes in advance of filing, and because Defendants "made no attempt to solicit an amendment 'offered by the pleading party.'"

By its plain language, Local Rule 12.1 does not require any specific amount of notice or require that the moving party solicit an amendment before filing. Regardless, Defendants sent an email to Plaintiffs' counsel not at 3:10, as Plaintiffs say, but at 2:11, and filed their motion nearly an hour-and-a-half later at 3:39. [*See* Ex. 1 (Email from J. Crum to S. de Haan) and Ex. 2 (Notice of Electronic Filing)] Nor is there any indication that additional notice or an attempt to solicit an amendment would have been fruitful. Plaintiffs do not argue they would have offered any amendment in response to an earlier notice and tellingly, have not taken the opportunity to file an amended complaint in the weeks since Defendants' motion. And Defendants continue to believe that Plaintiffs' complaint is not curable by any amendment and must be dismissed in full. Defendants complied with all requirements under the rule, and the Court should consider Defendants' motion on its merits.

16685283v1

## II. Plaintiffs concede their state law claim is untimely.

Plaintiffs' response fails to address Defendants' argument that Plaintiffs' state law claim is barred by the statute of limitations. Plaintiffs' failure to respond to that point waives the argument. *See* LRCiv 7.2(i) (failure to respond to a motion to dismiss may be deemed a consent to the motion); *see also, e.g.*, *Patterson v. Pima Cty. Sheriff's Dept.*, CV-13-01779-TUC-RM E, 2014 WL 5792941, at *3-4 (D. Ariz. Nov. 6, 2014) (dismissing claim where plaintiff conceded point by failing to address argument raised in motion to dismiss and citing LRCiv 7.2(i)); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case."); *Mariscal v. Graco, Inc.*, 52 F.Supp.3d 973, 984 (N.D. Cal. 2014) ("Defendant moves for summary judgment on Plaintiff's claims for breach of warranty. Plaintiff failed to address these arguments in his opposition brief, and therefore conceded these claims.").

## III. Plaintiffs' claims against the individual defendants must be dismissed.

Plaintiffs' claims against the individual defendants are brought against the members of the City Council only in their official capacities [Compl. ¶ 13]. It is well-settled that "if individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed." *Sweet v. City of Mesa*, CV-17-00152-PHX-GMS, 2018 WL 2464111, at *3 (D. Ariz. June 1, 2018) (dismissing official capacity claims as duplicative of claims against municipality) (quotation omitted).

16685283v1

Rather than cite any caselaw in their favor, Plaintiffs argue (at 3-4) only that the official capacity claims are valid and not duplicative because they specifically included an allegation that the defendants acted under color of state law and requested different relief. It is not clear what different relief Plaintiffs have requested based on this claim, but because the individual claims are official capacity claims, the only remedies available are the same remedies available against the City. Similarly, Plaintiffs' attempt to rely on a hollow recitation of the statutory language "under color of state law," while characteristic of their complaint, does not make Plaintiffs' claims well-pleaded or keep them from being duplicative. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do."). Plaintiffs' official capacity claims, regardless of the remedy sought or the statutory language invoked, are duplicative of their claim against the City, and as a result must be dismissed.

**IV.    Plaintiffs' Establishment Clause claim must be dismissed.**

Plaintiffs concede that even sectarian legislative prayer does not violate the Constitution, so long as there is no policy of discrimination. *See Town of Greece v. Galloway*, 134 S. Ct. 1811, 1824 (2014). Nevertheless, Plaintiffs argue (at 4-6) that the City's policy of allowing only those with substantial connections to the City to give invocations unconstitutionally discriminated against them. But Plaintiffs fail to support that claim with any well-pleaded facts.

Plaintiffs do not, and cannot, allege that the policy itself is unconstitutional or that their exclusion was not justified under the plain language of the policy. Instead, they argue (at 5) that "all available evidence suggests the policy was created immediately prior to the email" notifying the Plaintiffs that they would not be permitted to give the invocation. But Plaintiffs do not point

16685283v1

to any facts to support this argument, and the only evidence, the email itself, says the opposite: that the City, after review by the City Manager, decided not to deviate from its "long standing practice." [Compl., Ex. 7] Plaintiffs likewise do not point to any violations of the policy or allege any well pleaded facts to show that other groups were not subject to the same requirement of substantial community ties.

But even if Plaintiffs' argument were taken as true, the length of time that the policy was in place does not determine its constitutionality. Even a newly enacted, but facially neutral and evenly applied policy requiring substantial community ties would not violate the Establishment Clause. *See, e.g.*, *Rubin v. City of Lancaster,* 710 F.3d 1099-1100 (9th Cir. 2013) (approving facially neutral prayer policy); *Simpson v. Chesterfield Cty. Bd. of Sup'rs*, 404 F.3d 276, 279 (4th Cir. 2005) (approving policy under which Board of Supervisors invited religious leaders from congregations within Chesterfield County by taking addresses from phone book); *Atheists of Fla., Inc. v. City of Lakeland*, 779 F. Supp. 2d 1330, 1342 (M.D. Fla. 2011) (approving a policy allowing invocations from "all religious congregations with an established presence in the local community"); *Jones v. Hamilton Cty.*, 891 F. Supp. 2d 870, 887 (E.D. Tenn. 2012), *aff'd sub nom. Jones v. Hamilton Cty. Gov't*, 530 F. App'x 478 (6th Cir. 2013) (same).

**V.    Plaintiffs' Equal Protection claim must also be dismissed.**

Plaintiffs give no reason why this case should be decided on Equal Protection Clause grounds, given the weight of authority limiting legislative prayer cases to Establishment Clause analysis only. Plaintiffs also fail to explain why the Establishment Clause is not sufficient to remedy their claims or how an Equal Protection claim would afford them any different relief,

16685283v1

other than Plaintiffs' belief (at 7) that they can avoid precedent against them by having the Court "unmired" by prior Establishment Clause caselaw. And while there may not be a Ninth Circuit case directly holding that Plaintiffs are not entitled to maintain an Equal Protection claim on these facts, there is a reason why other courts have addressed similar challenges only under the Establishment Clause. As the Fourth Circuit has explained, and other courts have agreed, invocations at government meetings, even when given by private citizens, are government speech "subject only to the proscriptions of the Establishment Clause." *Simpson v. Chesterfield Cty. Bd. of Sup'rs*, 404 F.3d 276, 288 (4th Cir. 2005). Plaintiffs' only response to these cases, a law review article arguing that the Equal Protection Clause is generally "underutilized," does not address legislative prayer or require this Court to break with other courts and decide that legislative invocations are not government speech.

But even if the Equal Protection Clause applied, Plaintiffs cannot allege that they have been treated differently from other similarly situated groups. Plaintiffs have not alleged that other groups with no substantial ties to Scottsdale have been permitted to give invocations despite the policy. Nor do Plaintiffs allege that they are similarly situated to the leaders of local, Scottsdale-based faith groups who have given invocations under the City's policy. Plaintiffs are not "arguably indistinguishable" from those local groups that have given and continue to give invocations. *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (parties allegedly treated differently in violation of the Equal Protection Clause are similarly situated only when they are "arguably indistinguishable").

16685283v1

## Conclusion

Because Plaintiffs' claims are barred by the statute of limitations, duplicative, and fail to state valid claims for relief, the Plaintiffs' complaint must be dismissed in full. And because no amendment would allow Plaintiffs to revive their claims, the Court should dismiss them with prejudice.

DATED this 6th day of July, 2018.

**SCOTTSDALE CITY ATTORNEY'S OFFICE**

By: /s/ Joshua M. Crum
   Joshua M. Crum, Assistant City Attorney
   3939 North Drinkwater Boulevard
   Scottsdale, Arizona 85251
   Attorneys for City Defendants

16685283v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2018, I electronically transmitted the attached document to the Clerk's office using CM/ECF System for filing, and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stuart P. de Haan
de Haan Law Firm, PLLC
100 N Stone Ave., Suite 512
Tucson AZ, 85701
Attorneys for Plaintiffs

By: /s/ Laura Hougard
An Employee of the Scottsdale City Attorney's Office

16685283v1