Firm E-Mail for Official Court Documents
courtdocs@dickinsonwright.com
Scot L. Claus (#014999)
sclaus@dickinsonwright.com
Vail C. Cloar (#032011)
vcloar@dickinsonwright.com
Holly M. Zoe (#033333)
hzoe@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004-4568
Phone: (602) 285-5000
Fax: (844) 670-6009
*Attorneys for City Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| The Satanic Temple and Michelle Shortt,<br><br>Plaintiffs,<br><br>v.<br><br>City of Scottsdale, Arizona, by it City Council, consisting of the Mayor and council members, WJ Jim Layne, Suzanne Klapp, Virginia Korte, Kathy Littlefield, Guy Phillips, and David Smith,<br><br>Defendants. | Case No. CV 18-00621-PHX-DGC<br><br><br><br>**MOTION FOR RECONSIDERATION** |

Pursuant to LRCiv 7.2(g), Defendant the City of Scottsdale ("City") hereby moves for reconsideration of the Court's Order entered in open Court on July 16, 2019 (the "Court's Order"). Specifically, reconsideration of the Court's Order that a material question of fact exists and indicating that no further discovery will be permitted warrant further review due to recent Supreme Court authority and additional facts that have come to light.[1] The most efficient course

---

[1] Although there may be some overlap in the reasons necessitating this Motion and the City's Rule 17 Objection presented at the July 29, 2019 Status Conference (the "July 29 Conference"), Local Rule 7.2(g)(2) required the City to file a motion for reconsideration

- 1 -

of action is to vacate the Court's Order and to permit limited discovery on the question of standing.

This Motion is supported by the attached Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Introduction/Factual Background**

On July 16, 2019, following argument on the parties' cross-motions for summary judgment, the Court issued its order finding that material disputes of fact existed that precluded the entry of summary judgment. *See* July 16, 2019 Hearing Trans., attached hereto as Exhibit A ("Tr."), at 31:15–40:7.

The Court's Order does two things pertinent to this Motion. First, it implicitly finds (Tr. at 37:8–22) that Plaintiffs adequately met their burden to establish standing at this stage of the proceeding. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("Since [the elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation."). Second, the Court's Order concludes that discovery is closed, and that the parties and the Court will proceed based on the record as it stands. (Tr. 42:1–3.)

As discussed during the July 29 Conference, three things have occurred since the closing of briefing on the parties' cross-motions for summary judgment, each of which fundamentally affect the bases for the Court's Order:

1. The Supreme Court issued its plurality opinion in *American Legion v. American Humanist Ass'n*, 139 S. Ct. 2067 (2019), significantly altering the Court's analysis of both Plaintiffs' standing and the substance of their Establishment Clause challenge;

within 14 days of the Court's filing of its Order. (Doc. 48.) Out of an abundance of caution, the City files this Motion to preserve its rights.

- 2 -

2. The City has learned that "The Satanic Temple" is not a properly named Plaintiff[2] in this matter; and

3. The only other named plaintiff, Michelle Shortt, has resigned her position as a "Chapterhead" (*See* Shortt Letter of Resignation, attached hereto as Exhibit B).[3]

As a contextual backdrop for the Court's analysis, the Court should recall that: a) the only extant claims in this case are Counts 1 and 2 (Doc. 17); and b) Ms. Shortt has not asserted any claims in her on right in Counts 1 and 2. Rather, the only claims asserted in Counts 1 and 2 are those purportedly belonging to a fictitious entity referred to as "The Satanic Temple." (Doc. 1 at ¶¶ 43, 44.) And Plaintiffs acknowledge that Ms. Shortt did not attempt to speak on her own behalf, but "on behalf" of that fictitious entity as its purported "agent." (Doc. 1 at ¶¶ 2, 28; Tr. 23:3–9.) That contextual background informs the flaws in Plaintiffs' claims, and warrants reconsideration of the Court's Order.

## II. Argument

### A. Newly discovered evidence calls into question the Court's jurisdiction to enter the Court's Order.

Plaintiffs have resolutely failed to identify the entity that is pursuing a claim against the City and have not parsed out the basis for Ms. Shortt's claims relative to the unknown Plaintiff entity. This is true despite the Court's questioning and concern on these topics during the oral argument on the cross-motions for summary judgment. Plaintiffs' failure to identify the real party(s) in interest fatally impaired the Court's ability to determine whether it had jurisdiction to

---

[2] For ease of reference, the City refers to "Plaintiffs" in this Motion, without conceding that either Ms. Shortt or "The Satanic Temple" are the real parties in interest or otherwise properly plaintiffs. As the Court no doubt recalls, at the July 29 Conference, and pursuant to Rule 17 of the Federal Rules of Civil Procedure, the City objected to the maintenance of claims by "The Satanic Temple." "The Satanic Temple" is not an entity. It is a trademark under which a Massachusetts limited liability company, United Federation of Churches, LLC offers its good and services. (See USPTO Trademark Registration, attached as Exhibit C).

[3] Ms. Shortt appears to have resigned on June 11, 2019—long after briefing on the parties' respective cross-motions for summary judgment closed.

- 3 -

PHOENIX 53387-11 577257v7

enter the Court's Order. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990) (explaining that federal courts have a continuing obligation to examine their own jurisdiction.).

It is beyond serious dispute that the party invoking federal jurisdiction bears the burden of proving all elements of standing. *Lujan*, 504 U.S. at 561. And as demonstrated below, the Supreme Court's recent opinion in *American Humanist*, 139 S. Ct. 2067, makes the Court's inquiry into standing more stringent and critical. In any event, because standing is "an indispensable part" of a plaintiffs' case, a plaintiff must demonstrate standing at all stages of the litigation "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

When confronted with a motion for summary judgment, a party may not merely rest on the allegations of their complaint, but must come forward with admissible evidence demonstrating a genuine question of material fact. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). The evidence adduced by Plaintiffs to date is insufficient to create a triable issue of fact regarding standing. First, Ms. Shortt's standing to prosecute claims on her own behalf is dubious given allegations in the Complaint and the standing paradigm set forth in *American Humanist*. Second, it is impossible to know whether the fictitious entity Plaintiffs call "The Satanic Temple" has standing without knowing what that entity is.

### 1. There are significant questions regarding Ms. Shortt's standing.

Despite Plaintiffs' protestations to the contrary, Ms. Shortt has no extant claims in her own right, and has likely failed to state a claim on the face of the Complaint. (Doc. 1 ¶¶ 42–44.) Thus, the question of whether "Plaintiffs[']" claims can be redressed by Court action as reflected in the Court's Order, cannot turn on whether an hypothetical injury to Ms. Shortt could be redressed by favorable Court action, but instead must turn on whether the fictive entity that Plaintiffs refer to as "The Satanic Temple" can state a claim for relief. Although it is conceivable that Plaintiffs *could have* pled a claim on behalf of Ms. Shortt in her own right,

- 4 -

they did not. And Plaintiffs freely acknowledge that Ms. Shortt was not acting as an individual when she attempted to speak, but "on behalf" of the fictive plaintiff. (Doc. 1 at ¶¶ 2, 28; Tr. 23:3–9.) Thus, Ms. Shortt's injury (and redressability) in her own right cannot form the basis for standing for the claims pled in this action, and to the extent the Court's Order relied on Ms. Shortt's standing in her own right, it should be reconsidered.

To the extent that Ms. Shortt articulates facts that could charitably be construed to state a claim in her own right, those facts reveal that Ms. Shortt has pled only standing as an offended observer. Paragraph 11 of the Complaint (Doc. 1) articulates the only basis for conferring standing upon Ms. Shortt personally—that she "objects to the exclusionary sectarian invocation on religious grounds." (Doc. 1 at ¶ 11.) As explained by Justice Gorsuch's concurrence in *American Humanist*, however, that "offended observer" theory of standing "has no basis in law." *Am. Humanist*, 139 S. Ct. at 2098. "Instead, in a society that holds among its most cherished ambitions mutual respect, tolerance, self-rule, and democratic responsibility, an 'offended viewer' may 'avert his eyes,' or pursue a political solution." *Id.* at 2103 (quoting *Erzonznik v. Jacksonville*, 422 U.S. 205, 212 (1975)) (internal citation omitted).

Moreover, the Complaint expressly limits Ms. Shortt's desired *activities* to that of an "agent" of the corporate Plaintiff. (Doc. 1 at ¶ 2). To be sure, Ms. Shortt does not allege that she sought to give an invocation on her own behalf; instead, she repeatedly alleges that she sought to give an invocation in a "representative" (*Id.* at ¶ 21) capacity "on behalf of The Satanic Temple." (*Id.* at ¶ 28). These allegations are plainly insufficient to confer standing on behalf of Ms. Shortt as an individual.

Rather, Article III required Ms. Shortt to demonstrate that she is "directly affected by the laws and practices against which [his] complaints [are] directed." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1251 (9th Cir. 2007) (quoting *Sch. Dist. of Abington Twp., Pa. v. Schempp*, 374 U.S. 203, 225 n.9 (1963)). She has not done so, and she has not pled as such. Indeed, given her recent resignation from The Satanic Temple Arizona Chapter (whatever that

- 5 -

is) as a "Chapterhead," it is entirely unlikely that she can make such a demonstration.[4] Instead, it appears that Ms. Shortt's articulated "belief" in the violative nature of Scottsdale's invocation practice renders her nothing more than "offended." *American Humanist* 139 S. Ct. at 2098. That "offense," even if emotionally justified, is insufficient to confer standing on Ms. Shortt to sue in this case. *Id.*; *Caldwell v. Caldwell*, 545 F.3d 1126, 1131 (9th Cir. 2008); *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 483 (1982) (holding that plaintiffs lacked standing because "[i]t is evident that respondents are firmly committed to the constitutional principle of separation of church and State, but standing is not measured by the intensity of the litigant's interest or the fervor of his advocacy.").

### 2. The organization identified as "The Satanic Temple" may lack standing.

It is dubious that "The Satanic Temple" has associational standing to pursue claims on behalf of its members for two reasons. First, associational standing requires a plaintiff to plead and prove: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977) (emphasis added). Plaintiffs have not raised, let alone attempted to address, that controlling standard. How could they, given that they have declined to inform the Court or City what entity seeks to assert associational standing, or what members comprise such an entity?

Second, Plaintiffs' only assertion with respect to the "members" of "The Satanic Temple" is the unadorned assertion that it has some unidentified members in Scottsdale. (Doc. 33, Ex. 3 at ¶ 7.) That is, however, insufficient. *Valley Forge*, 454 U.S. at 474 ("[T]he Plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to

---

[4] Ms. Shortt's resignation also implicates a previously unexamined issue of whether any of the City's invocations have been delivered by a mere member of a particular organization, as opposed to a leader or member of a particular sect's clergy.

- 6 -
PHOENIX 53387-11 577257v7

relief on the legal rights or interests of third parties." (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Because neither this Court nor the City (and perhaps not even Plaintiffs themselves) know whether the "Satanic Temple" refers to the Arizona chapter, or the national organization (whatever corporate form either of those entities takes), Plaintiffs necessarily could not have proved, and the Court's Order cannot find, that "The Satanic Temple" has associational standing.

Plaintiffs' failure to identify the actual entity pursuing claims against the City renders it impossible to say that there is a "genuine" issue for trial. *See Matsushita*, 475 U.S. at 586–87 ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" (quoting *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). To move forward in this litigation, the corporate entity (whomever it may be) must proffer admissible evidence sufficient to demonstrate that *it* possesses "the irreducible constitutional minimum [elements] of standing." *Lujan*, 504 U.S. at 560. To be sure, Plaintiffs have not presented evidence that the *actual entity* (whether in its own name or through its trademarked fictitious designation) sought to give an invocation to the City of Scottsdale or properly authorized its purported "agent," Ms. Shortt (Doc. 1 at ¶ 2), to seek to give an invocation. Moreover, given that Ms. Shortt has just resigned her position as "Chapterhead," it is questionable whether she maintains any authority to act on behalf of unknown entity.

Given the uncertainty of (i) who the corporate plaintiff is in this case, and (ii) whether Ms. Shortt was (or continues to be) authorized to act as an agent for the unknown Plaintiff entity—which are issues that neither the City nor the Court were aware of until after the summary judgment briefing was complete—the Court could not accurately determine whether it had subject matter jurisdiction to enter the Court's Order, and for this reason it should be reconsidered and, in pertinent part, vacated.

- 7 -

**B. Reopening discovery in this case is appropriate and supported by good cause.**

The Court's ruling that the parties and Court would proceed "with the record that exists in the case" (July 16, 2019 Hearing Tr. at 42:1–3) should be reconsidered. Good cause exists to vacate the Court's ruling and to reopen discovery for the limited purpose of (1) deposing Ms. Shortt, and (2) a 30(b)(6) deposition of the Plaintiff entity (whatever that may properly be). Those depositions would be limited to no more than ninety (90) minutes each, and would be limited to issues of standing only.

District courts enjoy broad discretion over pretrial proceedings, including discerning what comprises "good cause" for purposes of Rule 16. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). The Court may modify a Rule 16 scheduling order to reopen discovery upon a showing of good cause. *See, e.g.*, *Gazian v. Wells Fargo Bank NA*, CV-13-01312, 2015 WL 3448575, at *3 (D. Ariz. May 29, 2015). Here, there are two independent bases for finding good cause to reopen discovery. First, reopening limited discovery is necessary for the Court to fulfill its continuing obligation to examine its own jurisdiction in light of the just-discovered issue with the Plaintiffs' identity. Second, any prejudice to Plaintiffs is mitigated by the fact that this issue was caused by Plaintiffs' failure to comply with Rule 17, Rule 7.1, and General Order 17-08; their deficient Court-ordered mandatory discovery responses; and their decision to withheld critical information from the City.

    **1. The Court's continuing obligation to examine its own subject-matter jurisdiction informs the good cause to reopen discovery.**

"Federal courts are always under an independent obligation to examine their own jurisdiction . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS*, 493 U.S. at 231) (internal quotations omitted). As stated in Section II.A above, significant questions remain with respect to who the Plaintiff is in this case, and whether this Court has

- 8 -

subject matter jurisdiction over that Plaintiff's claims. Because the Court has an ever-present obligation to examine its jurisdiction, the Court should permit the parties to adequately build a record—once it is determined who the proper parties are—to permit it to make an informed decision regarding jurisdiction.

### 2. Plaintiffs' declination to disclose key information comprises good cause to reopen discovery.

As this Court has previously explained, the failure of a party to disclose "a relevant piece of evidence" until after the close of discovery comprises good cause to modify a scheduling order and re-open discovery. *Gazian*, 2015 WL 3448575, at *3. As indicated by counsel for the City during the July 29 Conference, a number of undisclosed issues have recently become manifest that raise serious questions regarding the Court's subject-matter jurisdiction in this matter, including:

1. Plaintiffs have not disclosed the name of the corporate entity that has initiated suit against the City as required under Rule 17 of the Federal Rules of Civil Procedure.
2. "The Satanic Temple" is not a jural entity, but is a fictitious trade name of a Massachusetts limited liability corporation called the "United Federation of Churches, LLC." (Ex. C.)
3. The United Federation of Churches, LLC is not authorized to transact business in Arizona, and lacks the capacity to sue or be sued in Arizona. *See* A.R.S. § 10-11502(A).
4. Ms. Shortt has—unbeknownst to the City—recently resigned her leadership position in the Arizona chapter of the Satanic Tempe. (Ex. B.)
5. There is no monolithic "The Satanic Temple," but an amalgam of autonomous chapters and one national organization with differing memberships. (Ex. B.)
6. The Arizona chapter of the Satanic Temple is also a pseudonym of some unknown corporate entity, and did not exist at the time of the events giving rise to the Complaint.

- 9 -

Plaintiffs did not divulge any of the foregoing in their mandatory initial disclosure project responses, nor any Rule 26(a) disclosure statement. Those items should have been disclosed at the earliest stages of this case. *See* General Order 17-08 at 5 ¶ 3 (requiring litigants to provide documents and other information "*that you believe may be relevant to any party's claims or defenses.*" (emphasis added)), ¶ 4 (requiring litigants to "state the facts relevant to it and the legal theories upon which it is based"). Further, Plaintiffs' failure to comply with Rule 7.1 of the Federal Rules of Civil Procedure by filing the required corporate disclosure statement deprived both the Court and the City of necessary information regarding Plaintiffs' identity and interests. The City learned of these items for the first time on Thursday, July 25, 2019, and raised them with Plaintiffs and the Court immediately.

### III. Conclusion

The City does not know the identity of the real party in interest that has haled it into federal court to challenge its longstanding practice and procedures. At a minimum, the Court should permit the City to learn the identity of its opponent, and to test the ability of that entity to litigate these claims in federal court and the merits of its claims. Thus, the City asks that the Court reconsider its Order: a) determining Plaintiffs have standing; and b) foreclosing any further discovery.

**RESPECTFULLY SUBMITTED** this 30th day of July, 2019.

**DICKINSON WRIGHT PLLC**

By: */s/ Scot L. Claus*
Scot L. Claus
Vail C. Cloar
Holly M. Zoe
1850 North Central Avenue, Suite 1400
Phoenix, Arizona 85004-4568
***Attorneys for City Defendants***

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on July 30, 2019, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants. |
| 3 | |
| 4 | |
| 5 | By: */s/ Sheila Rath* |

PHOENIX 53387-11 577257v7