Firm E-Mail for Official Court Documents
courtdocs@dickinsonwright.com
Scot L. Claus (#014999)
sclaus@dickinsonwright.com
Vail C. Cloar (#032011)
vcloar@dickinsonwright.com
Holly M. Zoe (#033333)
hzoe@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004-4568
Phone: (602) 285-5000
Fax: (844) 670-6009
*Attorneys for City Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| The Satanic Temple and Michelle Shortt,<br><br>Plaintiffs,<br><br>v.<br><br>City of Scottsdale, Arizona, by it City Council, consisting of the Mayor and council members, WJ Jim Layne, Suzanne Klapp, Virginia Korte, Kathy Littlefield, Guy Phillips, and David Smith,<br><br>Defendants. | Case No. CV 18-00621-PHX-DGC<br><br>**CITY OF SCOTTSDALE'S ANSWER TO FIRST AMENDED COMPLAINT** |

For its answer to the First Amended Complaint (Doc 57) (the "FAC"), Defendant the City of Scottsdale (the "City") admits, denies, and alleges as follows:

1. The City admits that the FAC is filed pursuant to the Court's minute entry order requiring Plaintiffs to divulge the real parties in interest pursuant to Rule 17. The City denies the balance of Paragraph 1.

2. The City denies the allegations of Paragraph 2, as the FAC adds a host of factual allegations and legal conclusions that were not present in the original Complaint.

- 1 -

PHOENIX 53387-11 591022v4

3. The City denies that the Court has subject matter jurisdiction over the matter because, *inter alia*, Plaintiffs lack standing to seek the requested relief; The Satanic Temple, Inc. and Adversarial Truth, LLC did not exist at the time of the alleged events and cannot have suffered a redressable injury; The United Federation of Churches, LLC is unauthorized to transact business in Arizona and is barred by statute from pursuing litigation; and Michelle Shortt was acting on behalf of those unauthorized entities and not in an individual capacity.

4. The City admits that the Court has subject matter jurisdiction to issue declaratory relief generally, but denies that any such jurisdiction exists in this case.

5. The City admits the allegations of paragraph 5.

6. Because the Court lacks subject matter jurisdiction the City denies the allegations of paragraph 6.

7. The City denies that "The Satanic Temple" is a religious organization because, *inter alia*, its members do not profess to believe in or worship any supernatural power, theistic deity, or controlling power.[1]

8. The City admits that the quoted language appears on the listed URL address, which is owned by "The United Federation of Churches, LLC." The City lacks sufficient information to form a belief about the truth of the balance of paragraph 8, and therefore denies the same.

9. The City lacks sufficient information to form a belief about the truth of paragraph 9, and therefore denies the same.

10. The City lacks sufficient information to form a belief about the truth of paragraph 10, and therefore denies the same. The City affirmatively alleges that The Satanic Temple, Inc. did not exist at the time of the events that give rise to the FAC. The City further alleges that The Satanic Temple, Inc. is not authorized to transact business within the State of Arizona,

---

[1] The City further objects to the generalized use of "The Satanic Temple" in the FAC, as its use makes it impossible to discern which allegations pertain to which of the named Plaintiffs, if any.

and is barred from pursuing litigation before this Court. The City further affirmatively alleges that the United Federation of Churches, LLC never sought, nor did it receive, authorization to transact business in the State of Arizona.

11. The City denies the allegations of paragraph 11.

12. The City lacks sufficient information to form a belief why Ms. Shortt sought to speak prior to a City Council meeting. The City denies the balance of paragraph 12.

13. The City admits that Ms. Shortt has resigned as a "chapter head." The City lacks sufficient information to form a belief about the truth of the balance of paragraph 13, and therefore denies the same.

14. The City lacks sufficient information to form a belief about the presence of members of any named plaintiff in Arizona or in Scottsdale, and therefore denies the same. The balance of paragraph 14 states a legal conclusion to which no response is necessary. To the extent a response is required, the City denies the balance of paragraph 14.

15. The City admits that it is a municipal corporation and is located within the Court's district. The City denies the balance of paragraph 15.

16. The City denies the allegations of paragraph 16.

17. The City admits that it is governed by a charter, and that the quoted language appears in the City Charter.

18. The City admits that the City Council appoints and receives reports from the City Manager, and that the quoted language appears in the City Charter. The City denies that the City Council has direct "supervisory authority" over the City Manager in all respects.

19. The City admits the allegations of paragraph 19.

20. The City admits that it sometimes opens its meetings with an invocation. The City affirmatively alleges that it opens its meetings with a moment of silence rather than an invocation.

21. The City denies the allegations of paragraph 21.

22. The City denies the allegations of paragraph 22.
23. The City denies the allegations of paragraph 23.
24. The City admits that it had no written policy formalizing its policy regarding speakers requesting to give an invocation. The City admits that Exhibit 1 is attached to the Complaint, but objects to the inclusion of a partial and incomplete list.
25. The City admits Ms. Kuester solicits religious groups to give a pre-meeting invocation. The City lacks sufficient information to form a belief about the truth of paragraph 25, and therefore denies the same.
26. The City denies the allegations of paragraph 26.
27. The City denies the allegations of paragraph 27.
28. The City admits that Ms. Shortt was placed on a schedule to speak prior to a City Council meeting, and that Ms. Shortt was given the opportunity to speak. The City denies that several of the Plaintiffs existed as of February 8, 2015, and therefore denies the balance of paragraph 28.
29. The City admits that Ms. Shortt requested that her invocation be rescheduled due to a stated scheduling conflict. The City admits that Ms. Shortt was rescheduled for July 6, 2018.
30. The City admits that Ms. Kuester testified consistently with the allegations of paragraph 30. The City is without sufficient information to admit or deny what was said to Ms. Kuester at some unidentified point in time.
31. The City denies the allegations of paragraph 31.
32. Paragraph 32 improperly incorporates the allegations of a superseded pleading by reference, and the allegations are a nullity. To the extent that a response is required, the City denies the allegations of 32.

33. Paragraph 33 improperly incorporates the allegations of a superseded pleading by reference, and the allegations are a nullity. To the extent that a response is required, the City denies the allegations of 33.

34. Paragraph 34 improperly incorporates the allegations of a superseded pleading by reference, and the allegations are a nullity. To the extent that a response is required, the City denies the allegations of 34.

35. Paragraph 35 improperly incorporates the allegations of a superseded pleading by reference, and the allegations are a nullity. To the extent that a response is required, the City denies the allegations of 35.

36. The City admits that Mr. Biesemeyer testified consistently with the allegations of paragraph 36. The City denies that expressing "concern" is evidence of any antipathy or is in any way unlawful. The City affirmatively alleges that the decision to inform Ms. Shortt that she could not give her invocation was done independently of any concern from Councilmember Klapp.

37. The City admits that the denial occurred later in time than when Councilmember Klapp voiced her concerns. The City affirmatively alleges that the decision to inform Ms. Shortt that she could not give her invocation was done independently of any concern from Councilmember Clapp. The City denies it did anything to prevent Ms. Shortt from attempting to explain a legitimate "substantial connection" to the City, and affirmatively alleges it heard nothing from Ms. Shortt following the denial of her request.

38. The City admits that the basis of its denial was the absence of any substantial connection to the City by Ms. Shortt, who is a Tucson resident with no known connection to Scottsdale.

39. The City denies the allegations of paragraph 39.

40. The City lacks sufficient information to form a belief about the truth of paragraph 40, and therefore denies the same.

41. Paragraph 41 contains bare editorial comments to which no response is required. To the extent that a response is required, the City denies the allegations of paragraph 41.
42. The City denies the allegations of paragraph 42.
43. The City denies the allegations of paragraph 43.
44. The City lacks sufficient information to form a belief about the truth of paragraph 44, and therefore denies the same.
45. Paragraph 45 improperly incorporates the allegations of a superseded pleading, and no response is required. To the extent that a response is required, the City denies the allegations of paragraph 45.
46. The City denies that Islam is a "new religion." The City lacks sufficient information to form a belief about the truth of the balance of paragraph 46, and therefore denies the same.
47. Paragraph 47 states a pure legal conclusion to which no response is required. To the extent that paragraph 47 is construed to contain an allegation of fault, the City denies the same.
48. The City denies the allegations of paragraph 48.
49. The City denies the allegations of paragraph 49.
50. The City denies the allegations of paragraph 50.
51. Paragraph 51 states a pure legal conclusion to which no response is required. To the extent that paragraph 51 is construed to contain an allegation of fault, the City denies the same.
52. Paragraph 52 states a pure legal conclusion to which no response is required. To the extent that paragraph 51 is construed to contain an allegation of fault, the City denies the same.
53. The City denies the allegations of paragraph 53.
54. The City denies the allegations of paragraph 54.

## **Affirmative Defenses**

55. For its first affirmative defense, the City alleges a lack of subject matter jurisdiction.
56. For its second affirmative defense, the City alleges that the Plaintiffs jointly or severally lack standing to pursue their claims.

57. For its third affirmative defense, the City alleges failure to state a claim upon which relief can be granted.

58. For its fourth affirmative defense, the City alleges unclean hands.

59. For its fifth affirmative defense, the City alleges estoppel.

60. For its sixth affirmative defense, the City alleges waiver.

WHEREFORE, having answered Plaintiffs' FAC, the City asks the Court to enter judgment against Plaintiffs an in favor of the City:

A. Dismissing Plaintiffs' FAC with prejudice;

B. Awarding Plaintiffs none of their requested relief; and

C. Awarding the City its taxable costs, as well as any other relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 20th day of September, 2019.

**DICKINSON WRIGHT PLLC**

By: */s/ Scot L. Claus*
    Scot L. Claus
    Vail C. Cloar
    Holly M. Zoe
    1850 North Central Avenue, Suite 1400
    Phoenix, Arizona 85004-4568
    *Attorneys for City Defendants*

- 7 -

PHOENIX 53387-11 591022v4

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 20, 2019, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

                              By: */s/  Janet Hawkins*