Firm E-Mail for Official Court Documents
courtdocs@dickinsonwright.com
Scot L. Claus (#014999)
sclaus@dickinsonwright.com
Vail C. Cloar (#032011)
vcloar@dickinsonwright.com
Holly M. Zoe (#033333)
hzoe@dickinsonwright.com
**DICKINSON WRIGHT PLLC**
1850 North Central Avenue, Suite 1400
Phoenix, AZ  85004-4568
Phone: (602) 285-5000
Fax: (844) 670-6009
*Attorneys for Defendant City of Scottsdale*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| The Satanic Temple, Inc. et al.,<br><br>                    Plaintiffs,<br>v.<br><br>City of Scottsdale<br><br>                    Defendant. | Case No.  CV 18-00621-PHX-DGC<br><br>**DEFENDANT CITY OF SCOTTSDALE'S RESPONSE TO MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>(Oral Argument Requested) |

Plaintiffs' Motion to Strike [Doc. 62] is short on the law, short on the facts, and short of anything approaching a proper basis to strike. For more than a year, Plaintiffs failed to reveal the real parties in interest in this litigation, and instead hid behind the veil of "The Satanic Temple," without divulging the legal forms of that organization.

In response to the Court's order directing them to identify the real parties in interest [Doc. 56], Plaintiffs offered four corporate or quasi-corporate entities in their First Amended Complaint [Doc. 57] (the "FAC"). Rather than simply name the real parties in interest, and modify the allegations to reflect to which Plaintiff each allegation referred, Plaintiffs instead took the opportunity to rewrite their Complaint. In doing so, Plaintiffs added a host of factual and legal assertions that were absent from their initial Complaint [Doc. 1]. Defendant the City of

- 1 -

Scottsdale (the "City") answered that Complaint, and preserved all necessary defenses as required by the Federal Rules of Civil Procedure that may be implicated by those new factual allegations in its Answer to the FAC [Doc. 61].

Although the City included its affirmative defenses in its original answer, and although the City was answering a complaint with new and additional allegations, Plaintiffs have now requested that the Court strike four of the City's affirmative defenses asserting that they were not properly reserved or, quizzically, already ruled on and therefore improper. Plaintiffs' request should be denied for two independent reasons. First, the City's initial Answer properly preserved its affirmatives defenses because the City specifically reserved all defenses listed in Rule 8(c) of the Federal Rules of Civil Procedure. Second, the City cannot waive a Rule 12(b)(6) defense.

This Response is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Factual Background

**A.    The City's Answer to the Complaint.**

After Plaintiffs commenced this action, the City and the individual Defendants filed their Answer [Doc. 7] (the "Original Answer"). The Original Answer specifically set forth a number of affirmative defenses, including all defenses "listed in Rule 8(c) of the [Federal] Rules of Civil Procedure.[1] [*Id.* at 7 ¶ e.] Leaving no doubt as to its preservation of the defense of "waiver," the City specifically indicated that it was preserving all defenses predicated upon Plaintiffs' delay in initiating this litigation, "including laches and waiver." [*Id.* at ¶ d.]

**B.    The City's Answer to the FAC.**

Plaintiffs have litigated this case from day one based on the fictitious assertion that something called "The Satanic Temple" existed as of February 8, 2016 in a form that could both

---

[1] The Original Answer references the Arizona Rules of Civil Procedure, which is a scrivener's error. The Arizona Rules of Civil Procedure list affirmative defenses in Rule 8(d), not 8(c). Ariz. R. Civ. P. 8(d).

- 2 -

PHOENIX 53387-11 598047v1

be harmed and could bring suit before this Court. That is not true. [Docs. 48, 53.] Instead, "The Satanic Temple" is a loose constellation of Massachusetts and Arizona entities, the majority of which *did not exist* as of the date of the alleged injury. [Doc. 63 at 5–6.] Plaintiffs did not disclose that reality, did not file a corporate disclosure statement, and did not provide information that is critical to the City's defense, such as who or what was actually seeking to enjoin the City's longstanding legislative prayer practice.

Once the City objected to the Plaintiffs' attempts to hide the ball, Plaintiffs filed their FAC naming four entities that apparently claim some stake in this litigation: United Federation of Churches, LLC ("UFC"); The Satanic Temple, Inc. ("TST, Inc."); Adversarial Truth, LLC ("Adversarial Truth"); and an unincorporated association ("the Unincorporated Association"). [FAC at ¶¶ 7–14.] The FAC also added a host of allegations that were not pled previously, including: (1) the number of religious leaders who gave an invocation and their faiths; (2) where the religious institution giving the invocation resided; (3) the circumstances of the "denial." [*Id.* at ¶¶ 20–25, 37.]

In response to the FAC, the City filed an Answer [Doc. 61] (the "City Answer"), which preserved those defenses implicated by the new facts asserted in the FAC, and specifically articulated certain defenses that had originally been preserved in the Original Answer. [Doc. 61 ¶¶ 55–60.]

**II.     The motion to strike is meritless.**

    **A.     The City preserved all available affirmative defenses.**

"Motions to strike are generally disfavored and rarely granted." *Lowe v. Maxwell & Morgan PC*, 322 F.R.D. 393, 398 (D. Ariz. 2017). The Motion asks that the Court strike the defenses of unclean hands, estoppel, and waiver, because "[t]hese defenses were not raised in the original answer." [Doc. 62 at 2.] Plaintiffs complain that, because these defenses were "not raised" they had "no opportunity to conduct discovery on them." [*Id.*] Nonsense.

- 3 -

Plaintiffs' arguments are flawed for three fundamental reasons. First, as explained above, the City *specifically preserved every available affirmative defense*. [Doc. 7 at 7 ¶ e.] Indeed, the City preserved the defense of "waiver," both by reference to Rule 8(c) *and* explicitly in its Original Answer. [*Id.* at ¶¶ d–e.] At best, Plaintiffs have failed to read the City's pleadings carefully prior to filing their Motion. Their histrionics regarding trial by ambush ring hollow.

Second, Plaintiffs cite no authority for the proposition that affirmative defenses cannot be raised for the first time in response to an amended complaint that raises additional factual allegations, and the undersigned are aware of none. Indeed, even if the City had not preserved its affirmative defenses, it is of no moment to the Court's analysis. A party must preserve the defenses enumerated in Rule 8(c) "in responding to a pleading." Fed. R. Civ. P. 8(c). An amended complaint supersedes the original, and renders the original pleading a legal nullity. *E.g.*, *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Stated differently, "the original pleading no longer performs any function." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)).

In light of the non-existent legal status of Plaintiffs' original Complaint, whether the City initially preserved the defenses listed in the City Answer is legally irrelevant. *See id.* Plaintiffs have filed a new pleading, and the City has raised what it believes to be applicable affirmative defenses "in responding to a pleading," indeed, the *only* operative pleading in the case. Rule 8 requires nothing more. *See* Fed. R. Civ. P. 8(c).

Finally, Plaintiffs' complaints regarding the lack of discovery on the affirmative defenses makes little sense. The City's affirmative defenses—unclean hands, waiver, and estoppel—are all predicated upon Plaintiffs' actions, not the City's. Plaintiffs are also unquestionably aware of their own conduct that could work a waiver or estoppel. For example, despite now alleging that they have a membership presence in Scottsdale [FAC ¶ 14], Plaintiffs never raised any purported ties to Scottsdale with the City at any point

- 4 -

between July 2016 and the commencement of this litigation, and have either waived or should be estopped from claiming any sort of pretextual application of City policy. Plaintiffs are aware of their own conduct that comprises unclean hands: for example, their fraudulent representations to the State of Massachusetts regarding their corporate formation documents. The City had no knowledge of the bases for those affirmative defenses until the filing of the FAC, because the City had no idea who the real parties in interest were. Plaintiffs have only themselves and their reticence to divulge their true identity to blame for any previously unknown defense.

> **B.    The City may unquestionably assert that Plaintiffs have failed to state a claim upon which relief can be granted.**

Plaintiffs' argument that the City's defense of failure to state a claim should be stricken is frivolous under well-settled law. Plaintiffs' fallacious position is that because their claims survived a Rule 12(b)(6) motion to dismiss (which necessarily took all allegations of the complaint as true) and a motion for summary judgment (which may be granted only if there is no contested issue of material fact) their claims necessarily state a claim. That is clearly wrong.

An affirmative defense of failure to state a claim upon which relief can be granted may be raised at any point before the conclusion of trial. Fed. R. Civ. P. 12(h); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507, (2006); *Schmitt v. Marto*, CV-18-02579, 2019 WL 1059992, at *1 (D. Ariz. March 6, 2019). Neither the denial of a motion to dismiss or a motion for summary judgment is a final judgment on the merits of a claim. *See, e.g.*, *Covington v. Sisters of Third Order of St. Dominic of Hanford, Cal.*, 61 F.3d 909 (9th Cir. 1995) (Table Op.) ("Denial of summary judgment is not a decision of the merits; it is simply a decision that there is a material factual issue to be tried." (quoting 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2712 (1969))); *Credit Suisse v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 130 F.3d 1342, 1345–46 (9th Cir. 1997) (explaining that denial of a

motion to dismiss is not a "final decision"). Thus, the rejection of a 12(b)(6) argument at one stage of litigation has no effect on the ability to raise the same or similar arguments later, so long as those stages have different evidentiary standards. *See, e.g.*, *Peck v. Hinchey*, CV-12-01371-PHX-JAT, 2017 WL 2929464, at 5 n.5 (D. Ariz. July 10, 2017).

Plaintiffs' assertion that the Court's ruling "dispose of" the affirmative defense that the FAC fails to state a claim upon which relief can be granted is baseless. The City is free to move for dismissal under Rule 12(b)(6) at any point to the conclusion of trial, and the differing evidentiary standards are fatal to Plaintiffs' argument.[2]

### III. Conclusion

Charitably, Plaintiffs' Motion is nothing more than an error of fact and law on the part of Plaintiffs. There is no legitimate basis to strike the Town's defenses, and the Motion should be denied.

**RESPECTFULLY SUBMITTED** this 16th day of October, 2019.

**DICKINSON WRIGHT PLLC**

By: */s/ Vail C. Cloar*
  Scot L. Claus
  Vail C. Cloar
  Holly M. Zoe
  1850 North Central Avenue, Suite 1400
  Phoenix, Arizona 85004-4568
  ***Attorneys for Defendant City of Scottsdale***

---

[2] Indeed, even if the Court *had* made some otherwise conclusive finding as to the City's 12(b)(6) defense (and it did not), that finding was in the context of the original Complaint, not the FAC. Because the Plaintiffs have filed and served their FAC, the Court's rulings regarding that pleading are moot. *Williams v. Conn. Gen. Life Ins. Co.*, CIV-06-2747, 2008 WL 4183372, at *2 (D. Ariz. Sep. 10, 2008) (explaining that after the filing and service of an amended complaint "any ruling pertaining to the original complaint would be a nullity").

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2019, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system, and which will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants.

By: */s/ Sheila Rath*

- 7 -

PHOENIX 53387-11 598047v1