**de Haan Law Firm, PLLC**  and  **Kezhaya Law PLC**
101 E. Pennington St.                  1202 NE McClain Rd.
Suite 201                              Bentonville, Arkansas 72712
Tucson, Arizona 85701                  phone: (479) 431-6112
Telephone: (520) 358-4089              fax: (479) 282-2892
Facsimile: (520) 628-4275              email: matt@kezhaya.law
Stuart P. de Haan, State Bar No. 26664   Matthew A. Kezhaya, *phv*, Ark. Bar # 2014161

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **The Satanic Temple, Inc.** *et al.,* | |
| Plaintiffs, | Case No. 18-cv-00621-DGC |
| v. | **Plaintiffs' response to motion to dismiss** |
| **City of Scottsdale**, | |
| Defendant | |

### INTRODUCTION AND SUMMARY

After the time for discovery has passed, the City filed an amended answer which asserts new affirmative defenses. Compare Doc. 7 at pp. 6-7 with Doc. 61 ¶¶ 58-60. Plaintiffs moved to strike the new affirmative defenses because it is a transparent effort to backdoor new issues into the case. See Doc. 62. Defendant responds that it "*specifically preserved every available affirmative defense.*" Doc. 64 at p. 4 (emphasis in original).

The Court should strike the new affirmative defenses because it is elementary civil procedure that an affirmative defense may be stricken if it does not give fair notice of the defense. The new affirmative defenses, raised after the time for discovery and less than three months before the trial, cannot be said to give fair notice of the defenses. The Court should strike the new affirmative defenses.

### ARGUMENT

It is elementary civil procedure that an affirmative defense may be stricken if it does not give fair notice of the defense. E.g. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir.

1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.")

Further, an affirmative defense may be stricken as legally insufficient only if it clearly lacks merit under any set of facts the defendant might allege. Ventures Edge Legal PLLC v. GoDaddy.com LLC, No. CV-15-02291-PHX-GMS, 2017 U.S. Dist. LEXIS 41399, at *2 (D. Ariz. Mar. 22, 2017).

Plaintiffs have moved to strike four affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) unclean hands; (3) estoppel; and (4) waiver. We discuss each in turn.

**1: Defendant's defense of a "failure to state a claim upon which relief can be granted" should be stricken because the Court has repeatedly rejected the argument.**

The first affirmative defense sought to be stricken is a claim that Plaintiffs have failed to state a claim upon which relief can be granted. See Doc. 61 at ¶ 57. Defendant's response appears to argue that the Court had not made a conclusive finding as to the City's Rule 12(b)(6) defense. See Doc. 64 at fn. 2. This argument is belied by the Court's order denying the City's motion under Rule 12(b)(6). See Doc. 17. ("The motion is denied as to count 1 establishment clause claim and count 2 equal protection claim.")

The Court will find authority to support granting Plaintiffs' motion and denying Plaintiffs' motion. Compare, e.g., Ventures, above, at p. 6 ("Nevertheless, although the Court denied the Motion to Dismiss in its entirely, (Doc. 48), it is appropriate to allow this defense to be pleaded in the Answer.") and Cook v. Mt. Am. Fed. Credit Union, No. 2:18-cv-1548-HRH, 2018 U.S. Dist. LEXIS 162234, at *4 (D. Ariz. Sep. 20, 2018) ("The court having already rejected Mountain America's Rule 12(b)(6) contention that plaintiff's claim was implausible, reassertion of Mountain America's first affirmative defense in its answer to plaintiff's first amended complaint is superfluous and is stricken.")

The conflicting authority is answered by the plain text of the rule: the Court "may" (not "shall") strike pleadings. FRCP 12(f). This matter lies in the discretion of the Court.

**2: Defendant's defense of unclean hands and estoppel are new issues.**

The next two affirmative defenses sought to be stricken are unclean hands and estoppel. See Doc. 61 at ¶¶ 58 (unclean hands) and 59 (estoppel); compare Doc. 7 at pp. 6-7. Defendant rests on argument that the original answer raised "*every available affirmative defense*." Doc. 64 at p. 4. This is a transparent effort to backdoor new issues into the litigation without the opportunity for discovery. The City asks for Court permission for a trial by ambush.

The Court should decline the invitation because asserting "all the defenses" does not give fair notice to Plaintiffs about unclean hands or estoppel. See Cook, above, at pp. 4-5 ("The balance of Mountain America's sixth affirmative defense calls attention to the fact that discovery may develop a basis for some presently unasserted affirmative defense. Certainly that is possible. . . . Mountain America's sixth affirmative defense is stricken for lack of fair notice.")

As in Cook, the City could have amended its answer to specifically assert the defenses of unclean hands or estoppel in compliance with the scheduling order, such that the parties could have exchanged discovery on the issues. The City declined to pursue that strategy and instead opted for surprise litigation. The Court should strike the new defenses.

Not only are the defenses untimely, they wholly lack merit. The City argues that unclean hands is cognizable "for example" because of what the City deems to be "fraudulent representations top the State of Massachusetts regarding their corporate formation documents." Doc. 4 at p. 5. That isn't unclean hands.

Unclean hands is based on the maxim that "he who comes into equity must come with clean hands." Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 814, 65 S. Ct. 993, 997 (1945). The defense requires that he act fairly and without fraud or deceit "as to the controversy in issue." Id. at 814-15. The City cannot draw any line between corporate filing in Massachusetts and the City's discrimination against Michelle for her religious beliefs.

Likewise, as to estoppel, the City faults Plaintiffs with never "raising any purported ties to Scottsdale with the City at any point between July 2016 and the commencement of the litigation." Doc. 64 at pp. 4-5. Again, this isn't estoppel.

The three elements of equitable estoppel are traditionally stated as: (1) the party to be estopped commits acts inconsistent with a position it later adopts; (2) reliance by the other party; and (3) injury to the latter resulting from the former's repudiation of its prior conduct.

The City has no hope of meeting any of the elements. None of the plaintiffs have ever claimed it did not have the amorphous "substantial connection" to Scottsdale because the City never asked. Not that it could, without incurring liability, because the City never asked any other prospective participants in the all-comer policy.

To the extent the City faults the plaintiffs' failure to respond with all the reasons they do have a "substantial connection," there was no right of appeal. Even if there had been, any assertion on plaintiffs' part would be used by the City to craft a definition that excludes plaintiffs–and only plaintiffs–from the definition. Silence was the only way to show that the "policy" was always a pretext. The city manager was forced to testify to the truth: "substantial connection" has no definite factors, because any factors we came up with would never have been good enough.

As for "injury," there is none. The City excluded plaintiffs in derogation of the constitutional rights to be free from religious discrimination and disparate treatment. The cause thus accrued. Any silence after the fact cannot be used to preclude relief.

**3: Defendant's defense of waiver is legally insufficient because there is neither allegation nor argument of an intentional relinquishment.**

The last affirmative defense sought to be stricken is waiver. See Doc. 61 at ¶ 60. On a closer review of the initial answer, the word "waiver" is mentioned. See Doc. 7 at p. 7. The problem is that it is mentioned under defensive "timeliness" doctrines. Id. Waiver is not a defense on the issue of timeliness, it is "an intentional relinquishment of a known right." Cook, above (citing Stanolind Oil & Gas Co. v. Guertzgen, 100 F.2d 299, 302 (9th Cir. 1938)).

The City doesn't separately discuss waiver from estoppel.  The City makes no effort to even allege an intentional relinquishment.  There is no settlement agreement and there is no statement or conduct that amounts to dropping the claim.  Had the City responded with an argument around timeliness, we would have withdrawn the motion to strike the defense of as a misnomer for laches.  Instead, the City argued estoppel by another name.  This is kitchen sink litigation and the affirmative defense should be stricken.

Respectfully submitted on October 24, 2019,
On behalf of Plaintiffs

By   /s/ Stuart P. de Haan          and   /s/ Matthew A. Kezhaya
     Stuart P. de Haan,                   Matthew A. Kezhaya,
     AZ Bar No. 026664                    AR Bar No. 2014161 (*pro hac vice*)
     Attorney for Plaintiffs              Attorney for Plaintiffs
     de Haan Law Firm, PLLC               KEZHAYA LAW PLC
     101 E Pennington Avenue, Suite 201   1202 NE McClain Rd
     Tucson, Arizona  85701               Bentonville AR 72712
Phone   (520) 358-4089                    (479) 431-6112
Fax     (520) 628-4275                    (479) 282-2892
Email   stu.dehaan@gmail.com              matt@kezhaya.law

### CERTIFICATE OF SERVICE

I certify that on October 24, 2019 I electronically transmitted this document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the appropriate CM/ECF registrants.

/s/ Stuart de Haan