**de Haan Law Firm, PLLC**     and     **Kezhaya Law PLC**

101 E. Pennington St.                    1202 NE McClain Rd.

Suite 201                                Bentonville, Arkansas 72712

Tucson, Arizona 85701                    phone: (479) 431-6112

Telephone: (520) 358-4089                fax: (479) 282-2892

Facsimile: (520) 628-4275                email: matt@kezhaya.law

Stuart P. de Haan, State Bar No. 26664   Matthew A. Kezhaya, *phv*, Ark. Bar # 2014161

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **The Satanic Temple, Inc.** *et al.,* | Case No. 18-cv-00621-DGC |
| Plaintiffs, | |
| *v.* | **Plaintiffs' objections as to costs** |
| **City of Scottsdale**, | |
| Defendant | |

Respectfully submitted on February 28, 2020,

On behalf of Plaintiffs

By    /s/ Stuart P. de Haan          and    /s/ Matthew A. Kezhaya

Stuart P. de Haan,                         Matthew A. Kezhaya,

AZ Bar No. 026664                          AR Bar No. 2014161 (*pro hac vice*)

Attorney for Plaintiffs                    Attorney for Plaintiffs

de Haan Law Firm, PLLC                     KEZHAYA LAW PLC

101 E Pennington Avenue, Suite 201         1202 NE McClain Rd

Tucson, Arizona  85701                     Bentonville AR 72712

Phone    (520) 358-4089                    (479) 431-6112

Fax      (520) 628-4275                    (479) 282-2892

Email    stu.dehaan@gmail.com              matt@kezhaya.law

1

**INTRODUCTION AND SUMMARY**

COME NOW Plaintiffs, by and through counsel of record, with objections to the City's claims for various costs pursuant to LRCiv 54.1(b); see also Doc. 94 (bill of costs).

Preliminarily, the question of costs should be stayed pending resolution of Plaintiffs' separate motion for supplemented and amended findings and for an altered or amended judgment. Doc. 97. Further, the same logic generally barring attorney's fees in civil rights lawsuits should also apply to bar costs in civil rights lawsuits.

Further, nearly none of the costs claimed by the City were "necessarily incurred" in the action. The deposition-related costs are particularly unfounded in the first place because the City could only take the depositions to support a standing argument. Plaintiffs won on standing, so the City is not even a prevailing party on that front.

The only claimed costs that have any relationship to the City's favorable judgment are expressly barred by the local rule. See LRCv 54.1(e)(2)("Copies of transcripts for counsel's own use are not taxable in the absence of a special order of the Court") and (10) ("Other items may be taxed with **prior** Court approval.") There being no prior Court approval, the bill of costs should be denied in full.

**ARGUMENT**

**1: Plaintiffs won on standing. The City cannot receive compensation for standing-related arguments.**

The lion's share of expenses are related to the City's failed attack on standing. The Court grant the City no costs related to its 30(b)(6) depositions which include the transcripts (items 7 and 8), travel expenses (items 2, 3, and 6), mailing the deposition exhibits–virtually none of which even made it into the record at trial (item 4), printing the exhibits (item 9), purchasing the documentary, "Hail Satan?" (item 12) was done in preparation for the depositions and in pursuit of the argument that TST is not a real religion, and space for the Boston depositions (item 5).,   The City is not a prevailing party on the issue of standing, so the City is not even entitled to ask for these expenses.

Further, the "Hail Satan?" documentary (item 12) is particularly improper as a cost because its only attempted use at trial was excluded because the City misidentified a speaker as co-founder, Malcolm Jarry. This cannot be said to be a "necessary" cost of litigation.

In a similar vein, the 190 pages of trial exhibits (item 13) were all related to standing. And, even then, the City did not attempt to offer essentially any of these exhibits into evidence.

## 2: Costs for witnesses not called are not "necessary."

The next category of costs relate to witnesses not called (items 10 and 11). All costs related to Jeremy Zarzycki and Stu de Haan as witnesses should be precluded as unnecessary because the City called neither as witnesses. The Court even quashed Mr. de Haan's subpoena.

## 3: Costs for the City's decision to switch attorneys are not "necessary."

Nor should the costs related to the City's decision to switch attorneys just prior to trial be taxed to Plaintiffs (item 1). The local rule expressly prohibits copies of transcripts "for counsel's own use." See LRCv 54.1(e) ("Copies of transcripts for counsel's own use are not taxable in the absence of a special order of the Court.")

## 4: The City's counsel should have carpooled; even then, parking is

Last, the City unnecessarily doubled its parking fees by not having its counsel carpool. The City was represented almost exclusively by Mr. Claus both days of trial. That Mr. Claus permitted Mr. Cloar one token examination does not justify both days' parking fees. Further, "parking fees" are not an itemized taxable item and no "prior Court approval" has been granted. LRCv 54.1(e).

### CERTIFICATE OF SERVICE

I certify that on February 28, 2020 I electronically transmitted this document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the appropriate CM/ECF registrants. /s/ Stuart de Haan