**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE SATANIC TEMPLE, INC.; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF SCOTTSDALE, <br><br> Defendant-Appellee. | No.   20-15338 <br><br> D.C. No. 2:18-cv-00621-DGC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, Senior District Judge, Presiding

Argued and Submitted March 18, 2021
San Francisco, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and LYNN,[**] District Judge.

Appellants The Satanic Temple, Inc., Michelle Shortt, United Federation of Churches LLC, Adversarial Truth LLC, and The Satanic Temple (collectively called "TST" or "Appellants") sued Appellee the City of Scottsdale ("the City" or "Appellee") pursuant to 42 U.S.C. § 1983, alleging that the City discriminated

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

against TST on the basis of TST's religious beliefs, after the City declined to permit TST to give a religious invocation at a City Council meeting. After a two-day bench trial, the district court entered judgment in favor of the City, finding that TST had failed to prove by a preponderance of the evidence that the City had discriminated against TST on the basis of TST's religious beliefs or identity. Following the district court's judgment, TST filed a motion for supplemental and amended findings ("Motion for Reconsideration") that was denied, except for one additional finding that was made by the district court. This appeal followed.[1]

We have jurisdiction under 28 U.S.C. § 1291. A district court's factual findings in a bench trial are reviewed for clear error, and its conclusions of law are reviewed de novo. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1067 (9th Cir. 2008) (en banc). "[W]hen an appellate court reviews a district court's factual findings, the abuse-of-discretion and clearly erroneous standards are indistinguishable." *United States v. Hinkson*, 585 F.3d 1247, 1259 (9th Cir. 2009) (en banc) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990)). A district court abuses its discretion if "application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *Id.* at 1262 (quoting *Anderson v. City of*

---

[1] The parties are familiar with the facts and we recite only those facts necessary to decide the issues on appeal.

*Bessemer City, N.C.*, 470 U.S. 564, 577 (1985)). Evidentiary rulings are reviewed for an abuse of discretion and are reversed only if a ruling is "both erroneous and prejudicial." *Wagner v. Cnty. of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013). Finally, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citing *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985))).

TST's Motion for Reconsideration contained many new arguments that had not been framed in the Final Pretrial Order, including various facial challenges to the City's policy for selecting groups to give invocations at City Council meetings. The district court did not abuse its discretion in finding that issues not framed in the Final Pretrial Order and raised for the first time in TST's Motion for Reconsideration were waived. Under Rule 16(e) of the Federal Rules of Civil Procedure, a pretrial order controls the course of the action, unless modified after a final pretrial conference to prevent manifest injustice. Fed. R. Civ. P. 16(e). We have held that "issues not preserved in the pretrial order have been eliminated from the action." *See S. Cal. Retail Clerks Union & Food Emps. Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir. 1984) (citing *United States v. Joyce*, 511 F.2d 1127,

1130 n.1 (9th Cir. 1975)).  Further, where TST did not raise or analyze issues in its Opening Brief to this court, those issues were also waived.  "Our circuit has repeatedly admonished that we cannot 'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued in appellant's opening brief."  *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)).  In its opening brief, TST failed to challenge the district court's determination that TST had waived arguments not raised in the Final Pretrial Order, so TST has waived this challenge on appeal.

The district court did not err in entering judgment in favor of the City.  A municipality can only be held liable under 42 U.S.C. § 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983."  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).  Under *Monell*, the City can only be held liable if the policymaker (i) carried out a facially discriminatory policy, or (ii) carried out its decision making in an unlawful or discriminatory manner that could "fairly be said to represent official policy."  *See id.*; *see also Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004).

The district court analyzed TST's Establishment Clause and Equal Protection claims under the second theory of *Monell* liability, whether the policymaker carried out the decision making in an unlawful or discriminatory manner, because TST did not argue at trial that the City's policy was facially discriminatory. In *Town of Greece v. Galloway*, the Supreme Court held that when legislative bodies engage in legislative prayer, they cannot pick and choose from religions, although the Constitution does not require them to search outside their borders for religious balancing. 572 U.S. 565, 585–86 (2014). However, the Court suggested that when a city discriminates because of "an aversion or bias . . . against minority faiths," it violates the Establishment Clause. *Id*. at 585. Discriminatory intent is also required to establish a violation of the Equal Protection Clause. *Vill. of Arlington Heights v. Metro Hous. Dev. Corp.*, 429 U.S. 252, 265–66 (1977); *see also Ave. 6E Invs., LLC v. City of Yuma*, 818 F.3d 493, 504 (9th Cir. 2016) ("A plaintiff does not have to prove that the discriminatory purpose was the sole purpose of the challenged action, but only that it was a motivating factor.") (internal quotation marks and citation omitted).

The district court made factual findings that Acting City Manager Brian Biesemeyer's testimony was credible, that Biesemeyer was responsible for all administrative decisions not delegated to another City officer, that he had exercised his administrative power to determine if TST was authorized by city policy to give

the prayer after conferring with the City Attorney's office, and that TST's largely circumstantial case for discrimination hinged on facts Biesemeyer was unaware of or unaffected by.  TST fails to demonstrate that any of the district court's factual findings were erroneous.  After weighing the credibility of the witnesses, the district court properly concluded that TST had failed to prove by a preponderance of the evidence that TST's religious beliefs were a factor, let alone a substantial motivating factor, in Biesemeyer's decision not to approve TST to give a legislative prayer.  Therefore, the district court did not err in determining that TST failed to show an Establishment Clause or Equal Protection Clause violation under *Monell*.

Appellants complain that the district court erred in excluding TST's Exhibits 5 and 8 as inadmissible hearsay.  Under Federal Rule of Evidence 801(d)(2)(D), a statement may be admitted as an exception to the hearsay rule if the statement is offered against an opposing party and "was made by the party's agent or employee on a matter within the scope of that relationship," while it existed.  Fed. R. Evid. 801(d)(2)(D).  At trial, TST offered Exhibits 5 and 8, e-mails from two City Councilmembers that expressed opposition to TST giving an invocation at a City Council meeting.  The district court correctly concluded that the e-mails were not admissible under Rule 801(d)(2)(D), and were inadmissible as hearsay, because TST provided no evidence to show that either Councilmember was acting as an agent of the City in connection with sending the e-mails.  *See* Fed. R. Evid. 801(d)(2).

Additionally, TST cannot demonstrate prejudice from the district court's exclusion of this evidence.  The district court correctly found that even if the e-mails had been admitted, they would not alter the outcome of the case, because TST had not presented any evidence that Biesemeyer ever saw or knew about the e-mails or spoke with the Councilmembers about their views.  The district court's exclusion of the exhibits was not an abuse of discretion.[2]  *See Wagner*, 747 F.3d at 1052.

**AFFIRMED.**

---

[2] The City requests that the Court strike the fifth volume of TST's Excerpts of Record, comprising pages 559 through 707, because the documents lack the exhibit cover sheets affixed by the deputy clerk of the district court, are not copies of the original trial exhibits, and do not correspond with the designated exhibit numbers offered at trial.  The motion is GRANTED.  This Court does not consider documents that were not filed with the district court.  *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) (internal citations omitted) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").